# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5796 | **DATE** | 12/23/2002 |
| **CASE TITLE** | Elizabeth A. Protich vs. Will County Health Department, et a | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 22 Jan. 03 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Will County Health Department's Motion to Dismiss Count IV is GRANTED and Defendant Krecioch's Motion to Dismiss Counts IV and V is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 DEC 23 PM 2:33 | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 2 3 2002

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

ELIZABETH A. PROTICH,

    Plaintiff,

v.

WILL COUNTY HEALTH DEPARTMENT,
a division of Will County, a
body politic, and JOAN
KRECIOCH,

    Defendants.

Case No. 02 CV 5796

Hon. Harry D. Leinenweber

DOCKETED
DEC 2 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth A. Protich ("Plaintiff") brings this action against the Will County Health Department ("Health Department") and Joan Krecioch ("Krecioch," and, together with the Health Department, the "Defendants"), asserting federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and state common law claims for intentional infliction of emotional distress ("Count IV") and battery ("Count V"). Presently before the Court is the Health Department's Motion to Dismiss Count IV and Krecioch's Motion to Dismiss Counts IV and V. Each motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the Court grants both motions.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be

granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## DISCUSSION

### *Will County Health Department's Motion to Dismiss Count IV*

Under Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101, "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." There is no dispute that the Health Department is a "local entity" for purposes of the statute. Plaintiff's asserted claim against the Health Department for intentional infliction of emotional distress accrued, at the very latest, on the date her employment was terminated – April 4, 2000 (Compl. ¶ 13); *see Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981)(holding that the limitations period begins to run once "the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine

whether actionable conduct is involved"). Plaintiff first brought suit on that claim in Illinois state court on February 6, 2002 (which complaint was later voluntarily dismissed), and then again in the present action on August 14, 2002. No matter which filing date serves as the reference point, Plaintiff's claim against the Health Department for intentional infliction of emotional distress in Count IV is time-barred. Accordingly, the Health Department is dismissed as a defendant in Count IV.

### *Krecioch's Motion to Dismiss Counts IV and V*

The Complaint alleges that "Defendant Krecioch, at all times relevant hereto, was an employee or duly authorized agent of Defendant Health Department, with supervisory authority over Plaintiff." (Compl. ¶ 5.) Given that allegation, Krecioch, in her Motion to Dismiss, argues that the one-year limitation period applicable to civil actions brought against "a local entity or any of its employees," 745 ILCS 10/8-101, justifies dismissal of Counts IV and V. Plaintiff, conceding the validity of that rule, counters that Krecioch's employment status is, in fact, unclear, and that discovery may reveal that she was merely an independent contractor and therefore not subject to 745 ILCS 10/8-101. See 745 ILCS 10/1-202 (The definition of "'[e]mployee' . . . does not include an independent contractor.") Plaintiff has accordingly requested leave to amend her complaint to plead in the alternative Krecioch's status as an employee *or* an independent contractor. In Krecioch's reply papers, she argues, correctly, that her employment

status is, in fact, irrelevant - even *if* she were an independent contractor at all relevant times, Illinois' general two-year limitations period for personal injury actions, see 735 ILCS 5/13-202, would still render Counts IV and V stale.

Attempting to salvage Counts IV and V against Krecioch in the face of this limitations period defense, Plaintiff invokes Federal Rule of Civil Procedure 15(c) ("Rule 15(c)"). Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Plaintiff contends that Rule 15(c)(2) would allow her federal complaint, which was filed beyond the two-year limitations period of 735 ILCS 5/13-202, to "relate back" to her state complaint, which was timely filed on February 6, 2002, and later voluntarily dismissed on September 20, 2002. Plaintiff is mistaken.

"Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading." *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990); *Adams v. Altman*, 1995 WL 127779, at *5 (N.D. Ill. Mar. 25, 1995)("Rule 15(c) simply does not apply to a charge or complaint filed in another distinct proceeding.")(citing *Bailey*). Plaintiff contends that the complaint currently pending in this Court is "for all intents and purposes . . . an amended complaint." (Pl.'s Supp. Resp. at 2.)

- 4 -

Not so. The complaint filed in the instant action is *not* an amended pleading. Rather, it is a separate and distinct complaint with no legal relationship to the earlier-filed state court suit. See *Bailey*, 910 F.2d at 413 ("Because the simulator claim was not contained in an amended pleading in Suit 1 but in a second, separate complaint, Rule 15(c) is inapplicable.")

This is not a case where Defendants have removed a state court action to a federal forum and Plaintiff is now simply seeking to amend the complaint. *Cf., e.g., Catoire v. Caprock Telecomm. Corp.*, 2002 WL 927780 (E.D.La. May 7, 2002); *Wasik v. Stevens Lincoln-Mercury, Inc.*, 2000 WL 306048 (D. Conn. Mar. 20, 2000). Instead, at issue here are two separately-filed actions. The first is Plaintiff's state court complaint ("Complaint 1"), which contained ostensibly timely (*i.e.*, assuming Krecioch was not, after all, a Health Department "employee") claims against Krecioch for intentional infliction of emotional distress and battery. The second is the complaint currently pending before this Court, Counts IV and V of which contain time-barred claims. Although Plaintiff had no obligation to do so, she voluntarily elected to dismiss Complaint 1 on September 20, 2002, thus terminating that suit. Plaintiff could have preserved the timeliness of Counts IV and V by bringing her Title VII claims in state court by way of an amendment to Complaint 1, see *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 406 & n.4 (7th Cir. 1989)(holding that state and federal courts have concurrent jurisdiction over Title VII

claims), or by simply bringing her Title VII claims alone in federal court. She chose not to do so, and is now reaping the consequences.

Plaintiff's reliance on *Donnelly*, a case presenting fairly unique circumstances, is misplaced. First, unlike here, the defendant in *Donnelly* removed the originally-filed state action to federal court, *id.* at 405, thus ensuring the requisite legal continuity between the complaint filed in the state court and the subsequently amended complaint presented in federal court. Second, and relatedly, *Donnelly* was a case where the originally-filed complaint in the same action was, as Rule 15 specifically requires, actually being *amended*. *Donnelly*, 874 F.2d at 411 ("[W]e find the plaintiff's amended complaint relates back to the filing date of the original complaint and thus was timely filed.") The *Donnelly* panel reached this result in the face of a hopelessly muddled underlying state court order ("the agreed [state court] order . . . utterly makes no sense," *id.* 410) which appeared to have dismissed the original complaint with prejudice *and* continued plaintiff's contemporaneous motion to amend the complaint. The *Donnelly* panel "refus[ed] to adhere to the literal consequences" of that order, as it would have meant that "there is no original complaint to which the amended complaint could relate back." *Id.* at 410. Such a result, of course, would have placed the complaint outside the scope of Rule 15(c). *See Bailey*, 910 F.2d at 413.

## *Tolling Doctrines*

Under certain circumstances, the doctrines of equitable tolling and/or equitable estoppel will excuse a plaintiff from filing suit within the applicable statute of limitations. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Equitable estoppel applies where "the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Id.* Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451. Plaintiff does not allege that either doctrine justifies tolling the limitations period in the instant case.

### **CONCLUSION**

For the foregoing reasons, Defendant Will County Health Department's Motion to Dismiss Count IV is **GRANTED** and Defendant Krecioch's Motion to Dismiss Counts IV and V is **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: December 23, 2002